NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1492
(Re-examination No. 90/005,892)

IN RE POD-NERS, L.L.C.

Dan Cleveland, Jr. Lathrop & Gage, L.C., of Boulder, Colorado, argued for appellant. With him on the brief was David J. Lee. Of counsel were Stephen J. Horace; Michael G. Martin, of Denver, Colorado, and William A. Rudy, of Kansas City Missouri; Lorance L. Greenlee, Stephen B. Barone, and Steven J. Penner, Greenlee, Winner and Sullivan, P.C., of Boulder, Colorado.

Mary L. Kelly, Associate Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, argued for the Director of the United States Patent and Trademark Office. With her on the brief were Raymond T. Chen, Solicitor, and Robert J. McManus, Associate Solicitor.

Robert P. Charrow, Greenberg Traurig LLP, of Washington, DC, for amicus curiae Secretary, Ministry of Agriculture, Livestock, Rural Development, Fisheries and Food of Mexico. With him on the brief were Laura Metcoff Klaus. Of counsel on the brief was Irwin P. Altschuler.

Brian R. Matsui, Morrison & Foerster LLP, of Washington, DC, for amicus curiae The International Center for Tropical Agriculture. With him on the brief were David E. Melaugh, of San Francisco, California; Mark W. Danis, Brian Paul Gearing, and Grant C. Yang, of Chiyoda-ku, Tokyo, Japan.

Appealed from:    United States Patent and Trademark Office
               Board of Patent Appeals and Interferences.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1492
(Re-examination No. 90/005,892)

IN RE POD-NERS, L.L.C.

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

_____

DECIDED:  JULY 10, 2009

_____

Before LOURIE, FRIEDMAN, and PROST, <u>Circuit Judges</u>.

Per Curiam opinion for the court.  <u>Circuit Judge</u> PROST concurs in the result.

PER CURIAM.

In a combined proceeding in which a third person sought re-examination of an issued patent and the patentee sought re-issue of the patent to broaden the claims, the United States Patent and Trademark Office's Board of Patent Appeals and Interferences ("Board") held the patent claims invalid on multiple grounds, including that they would have been obvious at the time the invention was made.  We affirm the obviousness ruling and therefore sustain the Board's decision without reaching the Board's other grounds.

The facts are undisputed. In 1994 Larry Proctor purchased in Mexico a package of dry beans, which contained beans of various colors and varieties, including yellow beans, which he brought back to the United States. Over the next three years, he planted and harvested the beans and their producing plants. After three such annual plantings and harvestings, he was issued U.S. Patent No. 5,894,079 ("the '079 patent"), which he assigned to the appellant POD-NERS, L.L.C. ("POD-NERS").

The '079 patent contained 15 claims. There were two categories of claims covering the bean itself, which was called "Enola." One was for a bean with a yellow coat described as within a narrow range of shades of yellow on a particular color chart. The other covered a bean "designated Enola as deposited in" the American Type Culture Collection under a specified "accession number." Other claims covered a plant produced from an Enola seed, and a method for producing the plant by crossing parent plants, at least one of which came originally from an Enola seed.

The patent describes the Enola bean as a "cultivar" of common field beans plants and seeds. A "cultivar" is a cultivated plant that has been selected for desirable, reproducible characteristics which differentiate it from otherwise similar plants of the same species. In this case, the reproducible characteristic that differentiates the Enola beans from other beans is its particular yellow color.

A third party filed with the Patent and Trademark Office a petition for re-examination of the patent that also sought to invalidate it. POD-NERS responded by seeking a re-issue of the patent to include eleven additional claims.

In a 49-page opinion, the Board held that all of the claims in the '079 patent, including those sought to be added through re-issue, were invalid on several grounds, including that they would have been obvious. Although the Board rejected some other invalidity rulings of the patent examiner, those rulings are not here at issue and need not be discussed. The Board concluded that the patent examiner had established a prima facie case of obviousness, and that POD-NERS had not rebutted it.

The obviousness ruling rested on a well-known yellow bean called "Azufrado Peruano 87," which was disclosed in an article by Salinas. The Board found that the Azufrado Peruano 87 plant and seed reasonably appeared to be substantially the same as the Enola plant and seed. The common characteristics of both included that they are yellow-seeded cultivars. The Board also relied on a published article by Pallotinni and others stating and comparing the genetic fingerprints of Enola and Azufrado Peruano 87 and concluding that "the DNA fingerprint of ENOLA is identical to a fingerprint found in Mexican yellow-seeded beans of the Peruano group." Finally, the Board relied on a declaration pointing out that some variations between plants are the result of environmental conditions

II

Under 35 U.S.C. § 103(a), a patent cannot be granted "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." The Board correctly held that the subject matter of the '079 patent – yellow beans, the plants they produced and a method for reproducing such plants by cross-breeding – would have

been obvious to one ordinary skill in what POD-NERS identifies as the "breeder-grower" art.

One of ordinary skill in the art seeking to reproduce (and hopefully improve) the yellow beans that Proctor brought back from Mexico would have done what he did: plant the beans, harvest the resulting plants for their seeds, planting the latter seeds, and repeat the process two more times.

There is no indication that in taking these steps Proctor sought to provide beans of the particular narrow range of yellow that the claims specified. To the contrary, it appears that all Proctor was attempting to do was to reproduce the yellow beans he had acquired in Mexico, and hopefully to improve them.

To do so he followed normal and well-established agricultural methods and techniques for doing that. See KSR Int'l v. Teleflex Inc., 550 U.S. 398, 418 ("a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ.") He does not contend that he devised or applied new or unexpected techniques in reproducing the beans.

In a somewhat different context, we held that a prima facie case of obviousness exists when a claimed metal alloy composition and a prior art alloy are similar, even if they do not have precisely overlapping ranges of component metals, absent a showing that they have different properties. See Titanium Metals Corp. v. Banner, 778 F.2d 775, 783 (Fed. Cir. 1985) (concluding that a claim directed to an alloy containing "0.8% nickel, 0.3% molybdenum, up to 0.1% maximum iron, balance titanium" would have been prima facie obvious in view of a reference disclosing alloys containing 0.75% nickel, 0.25% molybdenum, balance titanium and 0.94% nickel, 0.31% molybdenum,

balance titanium).  Proctor does not argue that seed coats falling within a particular range of yellow colors have any meaningful impact on the properties of the beans.  Nor did he provide objective evidence of secondary considerations that might show non-obviousness—that the particular shades of yellow resulted in substantial sales of the Enola beans, that there was a long need for beans of that color that others were unable to supply, or that others copied the Enola bean.  See Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966).

The Patent Office relied on both Salinas and Pallotinni to find the claims of the application obvious.  Pallotinni, while not itself prior art, because it postdated the effective filing date of the Proctor application, describes the Enola bean as being quite similar or even identical to the Azufrado Peruano plants earlier described by Salinas et al., which is prior art.  ("Our results show that the DNA fingerprint of Enola is identical to a fingerprint found in Mexican yellow-seeded beans of the Peruano group.")

Thus, while the Pallotinni reference by itself could not render the present claims obvious, Salinas, as understood by Pallotinni, did render them obvious, if not anticipated.  In fact, as noted, Proctor bought the seeds in question in Mexico and brought them home to be planted in the United States.  While being on sale, in public use, or known or used outside the United States, which the Azufrado beans surely were, are not statutory bars, see 35 U.S.C. §102, publications such as Salinas, describing the beans and being interpreted by Pallotini, are.

In ruling that the claims would have been obvious, the Board did not explain its conclusion in detail.  It did, however, unequivocally hold the claims to be obvious, which was a legal determination.  See In re Kotzab, 217 F.3d 1365, 1369 (Fed. Cir. 2000).  In

these circumstances, <u>Securities & Exchange Commission v. Chenery Corp.</u>, 332 U.S. 194, 196-97 (1947), does not preclude us from affirming the Board on the ground we have stated. Although <u>Chenery</u> generally requires an appellate court to review a decision of an administrative agency on the grounds the agency gave for its decision, this court has recognized that this rule does not necessarily apply in full force where the agency decision was on a legal issue and did not involve any exercise of its expert discretion. <u>Grabis v. OPM</u>, 424 F.3d 1265, 1270 (Fed. Cir. 2005); <u>Koyo Seiko v. United States,</u> 95 F.3d 1094, 1101-02 (Fed. Cir. 1996). That is precisely this case.

In <u>KSR</u>, 550 U.S. at 421, the Supreme Court pointed out that "rigid preventative rules that deny fact finders recourse to common sense, however, are neither necessary under our case law nor consistent with it." To reject the Board's obviousness ruling here, would be to deny the Board that very "recourse to common sense" that the Supreme Court there warned against.

CONCLUSION

The decision of the Board that all the claims here would have been obvious and therefore that they are invalid, is

<u>AFFIRMED</u>.

Prost, <u>Circuit Judge</u>, concurs in the result.